IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ISAAC DOUGLAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | Civil No. 07-244-WDS |
| | ) | |
| AUSTIN RANDOLPH, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Petitioner Isaac Douglas, an inmate in the custody of the Illinois Department of Corrections, housed at Illinois River Correctional Center, filed the above-captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. **(Doc. 1).** Respondent Austin S. Randolph, Jr., is before the Court seeking dismissal of the petition, arguing that it is untimely. **(Doc. 7).** Petitioner Douglas was ordered to file a response to the motion to dismiss. **(Doc. 8).** Rather than file a specific response, petitioner moved for appointment of counsel or, in the alternative, to dismiss the petition. **(Doc. 9).**

### Appointment of Counsel

According to petitioner Douglas, he is afforded limited access to the prison law library, he is untrained in the law and, given his lack of success in the state courts, he is uncertain whether he should continue to rely upon so-called jailhouse lawyers. Petitioner requests the appointment of counsel to represent him or, in the alternative, voluntary dismissal of his petition. **(Doc. 9).**

There is no constitutional or statutory right to appointment of counsel in a civil case,

1

although the Court may in its discretion appoint counsel to represent indigent civil litigants. *Jackson v. County of McLean*, **953 F.2d 1070, 1071 (7th Cir. 1992)**; *see also* **28 U.S.C. § 1915(d)**. Nevertheless, the Court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in the district. The Court must inquire whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" *Farmer v. Haas,* **990 F.2d 319, 322 (7th Cir. 1993)**; *see also Greeno v. Daley*, **414 F.3d 645, 658(7th Cir. 2005)**; *see also Pruitt v. Mote*, **No. 05-1620 (7th Cir. 2007)**. The Court of Appeals for the Seventh Circuit recently clarified in *Pruitt v. Mote* that relevant inquiry is whether the difficulty of the case exceeds the particular party's capacity as a layperson to coherently litigate the case– pretrial and at trial. *Id.*

Petitioner Douglas has not demonstrated that he has made reasonable attempts to retain counsel and has not shown that he was effectively precluded from making a diligent effort in this regard. Moreover, it does not appear that appointed counsel would alter the likely outcome of this action. Therefore, the appointment of counsel is not warranted.

**Dismissal of the Petition**

Petitioner Douglas requests that, if counsel is not appointed to represent him, that his petition be dismissed. **(Doc. 9).**

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Federal Rules of Civil Procedure are applicable to Section 2254 proceedings, to the extent they are not inconsistent with statutes and rules applicable to such proceedings. Federal Rule of Civil Procedure 41 provides that, after an answer has been filed, an action shall

2

not be dismissed on motion by the plaintiff except upon order of the Court.[1] **Fed. R. Civ. P. 41(a)(2).**

In consideration of the fact that petitioner has not addressed the merits of respondent's motion to dismiss, the Court will opt to dismiss the petition without prejudice, rather than proceed to the merits of respondent's motion to dismiss.

**IT IS THEREFORE ORDERED** that petitioner Isaac Douglas's motion for appointment of counsel or, in the alternative for dismissal of the petition **(Doc. 9)** is **GRANTED IN PART AND DENIED IN PART**, in that counsel will not be appointed to represent petitioner, but the petition will be **DISMISSED WITHOUT PREJUDICE**. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** March 13, 2008.

                                        **s/ WILLIAM D. STIEHL**
                                              **DISTRICT JUDGE**

---

[1] Respondent Randolph filed a motion to dismiss, rather than an formal answer. However, in accordance with Rules 5(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts, the motion to dismiss, despite its caption, is the equivalent of an answer.